## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

APR 29 2022

KEVIN P. WEIMER, Clerk
By_____ Deputy Clerk

| | |
|---|---|
| BENNY COUNCIL, | ) |
| | ) |
| PLAINTIFF | ) |
| | ) CIVIL ACTION FILE NO: |
| V. | ) |
| | ) 1:22-CV-1697 |
| ATLANTA AUTOMOTIVE BROKERS LLC, | ) |
| SOLUX FINANCIAL SERVICES LLC, | ) |
| MHAMAD HAMAD, | ) |
| HUISON KANG MOUSSA, | ) |
| NABIH B MOUSSA, | ) |
| | |
| DEFENDANTS | |

**JURY TRIAL DEMANDED**

### COMPLAINT

**COMES NOW** plaintiff Benny Council ("Plaintiff") and hereby files his

Complaint for Damages, respectfully showing the Court as follows:

### INTRODUCTION

1. Plaintiff purchased a 2006 Jaguar XKR ("Subject Vehicle") from the above-

   named defendants and the above-named defendants refused to deliver the

   vehicle even after Plaintiff rendered payment.

2. After failing to return correspondence, further investigation revealed that Defendant NABIH B MOUSSA and HUISON KANG MOUSSA are now the registered owners of the subject vehicle.

3. After refusal of delivery, Plaintiff learned that the State of Georgia Board of Used Motor Vehicles revoked Defendant Mhamad Hamad's dealership license on May 21, 2021, before the sale of the subject vehicle.

4. Plaintiff now brings this action against defendants for conspiracy, unfair and deceptive trade practices, Intentional Infliction of Emotional Distress, Conversion, Fraud, Fraud in the Inducement, Breach of Contract, and Negligence.

5. On information and belief, Defendants have caused damage to the subject vehicle, including but not limited to, damaging the headlights, suspension systems, mechanical systems, and excessive driving.

## PARTIES, JURISDICTION, AND VENUE

6. Plaintiff brings this diversity claim under 28 U.S.C. § 1332, showing that the amount in controversy is over $75,000.00 and the parties are completely diverse.

7. Plaintiff is a resident and domicile of the State of Louisiana with a permanent address of 419 S. Salcedo Street, New Orleans, LA 70119

8. Atlanta Automotive Brokers, LLC ("Defendant Atlanta Automotive") is a
   limited liability company with its principal place of business at 2916 Windcliff
   Dr, Marietta, Georgia 30067 and when served in the manner required by law
   will be subject to the jurisdiction of this Court.

9. Solux Financial Services, LLC ("Defendant Solux") is a limited liability
   company with its principal place of business at 1855 Airport Industrial Park
   Drive, Marietta, Georgia 30060 and when served in the manner required by law
   will be subject to the jurisdiction of this Court.

10. Mhamad Hamad ("Defendant Hamad") is an individual residing at 4168 New
    Towne Drive, Powder Springs, Georgia 30127 and when served in the manner
    required by law will be subject to the jurisdiction of this Court.

11. Huison Kang Moussa ("Defendant Huison") is an individual residing at 361
    Leland Terrace NE Atlanta, Georgia 30317 and when served in a manner
    required by law will be subject to the jurisdiction of this Court.

12. Nabih B Moussa ("Defendant Nabih") is an individual residing at361 Leland
    Terrace NE Atlanta, Georgia 30317 and when served in the manner required by
    law will be subject to the jurisdiction of this Court.

13. Venue is proper according to 28 U.S.C. § 1391 (b) (1) and (2) which states that
    venue is proper in a judicial district in which any defendant resides, if all
    defendants are residents of the State in which the district is located; a judicial

district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

14. Defendant Hamad's residence is within the bounds of the Northern District of Georgia, and each other Defendant is a resident of the State of Georgia.

15. The subject vehicle at issue was purchased and relevant documents signed at 1111 S. Marietta Pkwy Suite E. Marietta, GA 30060, which is within the bounds of the Northern District of Georgia.

16. Venue is proper in this Court.

17. This Court has subject matter jurisdiction over this action.

## FACTS

18. Plaintiff hereby incorporates paragraphs 1-16 as if fully restated herein.

19. The State of Georgia Board of Used Motor Vehicles revoked Defendant Mhamad Hamad's dealership license on May 21, 2021.

20. Despite losing his license, Defendant continued to deal in motor vehicles in violation of Georgia Law. Further, Defendant failed to disclose that he was not a State of Georgia licensed used car dealer.

21. On or around October 9, 2021, Plaintiff entered into a contract with defendants to purchase a 2006 Jaguar XKR, VIN: SAJDA41B263A45247.

22. Plaintiff purchased the vehicle from Atlanta Automotive Brokers LLC, 1111 S. Marietta Pkwy Suite E. Marietta, GA 30060.

23. The vehicle purchase price was an agreed upon $11,058.00 ($11,495.00 after fees).

24. Plaintiff paid $6,000.00 in cash down payment.

25. Plaintiff received financing in the amount of $5,495.00.

26. The final inspection date before delivery was scheduled to be November 11, 2021.

27. At the inspection, Plaintiff noticed new damages to the subject vehicle that had occurred while in the possession of Defendants.

28. Defendant Hamad agreed to make repairs and deliver the subject vehicle.

29. Defendant Hamad then failed to make the repairs and deliver the subject vehicle.

30. After numerous attempts over the period of multiple months, Defendant Hamad ceased responding to inquiries from Plaintiff.

31. Subsequent investigation revealed the subject vehicle is registered to Defendant Huison and Defendant Nabih.

32. Subsequent investigation revealed Defendant Solux as a lienholder of the subject vehicle.

**COUNT 1: CIVIL CONSPIRACY**

33. Plaintiff hereby incorporates paragraphs 1-32 as if fully restated herein.

34. The Defendants conspired to accomplish an unlawful end by unlawful means.

35. The Defendants knew Plaintiff agreed to purchase/paid for the subject vehicle.

36. Defendants knowingly conspired to purchase/sell/finance a vehicle already sold to Plaintiff.

37. Plaintiff is entitled to recover because it will be proven at trial that the Defendants are two or more persons who acted in concert and engaged in business that constitutes multiple torts.

## COUNT 2: CONVERSION

38. Plaintiff hereby incorporates paragraphs 1-36 as if fully restated herein.

39. After purchasing the subject vehicle, Plaintiff had the right of possession of the vehicle.

40. Defendants had and, as far as the writing of this complaint, have actual possession of the subject vehicle.

41. Plaintiff demanded the vehicle on multiple occasions.

42. Defendants, by their omissions, have refused to deliver the subject vehicle to Plaintiff.

43. These facts satisfy the necessary elements of conversion.

## COUNT III: UNFAIR AND DECEPTIVE TRADE PRACTICES

44. Plaintiff hereby incorporates paragraphs 1-42 as if fully restated herein.

45. The Defendants violated Georgia's Fair Business Practices Act ("FBPA") by engaging in reprehensible conduct.

46. The Defendant's violation of the FBPA both actually and proximately caused the Plaintiff's injuries.

47. The Plaintiff was injured as a direct result of this violation.

48. These facts satisfy the necessary elements of unfair and deceptive trade practices.

## COUNT IV: BREACH OF CONTRACT

49. Plaintiff hereby incorporates paragraphs 1-47 as if fully restated herein.

50. Plaintiff and Defendants entered into a valid contract.

51. The Defendants breached their contract with Plaintiff by failing to deliver the subject vehicle and damaging the subject vehicle.

52. As a result of Defendants' breach, Plaintiff has suffered damages.

53. Specific performance, requiring the Defendants deliver the subject vehicle, is appropriate because, as it will be proven at trial, Defendants are in possession of the subject vehicle and conveyance would be strictly equitable and just due to the car's unique nature.

These facts satisfy the necessary elements of unfair and deceptive trade practices.

## COUNT V: FRAUD

54.   Plaintiff hereby incorporates paragraphs 1-54 as if fully restated herein.

55.   Defendants made willful and intentional misrepresentations of material fact

regarding the sale of the subject vehicle to Plaintiff.

56.   The willful misrepresentations of material fact regarding the sale were

calculated to induce action on behalf of Plaintiff, namely the offering of

payment.

57.   Plaintiff is entitled to punitive damages due to Defendant's willful and

intentional misconduct. Further, punitives would deter future misconduct by

Defendants in the future.

58.   These facts satisfy the necessary elements of unfair and deceptive trade

practices.

## COUNT VI: FRAUD IN THE INDUCEMENT

59.   Plaintiff hereby incorporates paragraphs 1-58 as if fully restated herein.

60.   Plaintiff affirms the contract between himself and Defendants.

61.   Defendant Hamad made false representations regarding the sale and

conveyance of the subject vehicle.

62.   Defendant Hamad had scienter because he knew such misrepresentation was

wrongful.

63.    Defendant Hamad made the misrepresentations in order to induce Plaintiff's payment to Defendant.

64.    Plaintiff reasonably relied on Defendant Hamad who held themselves out as a legitimate business venture in the State of Georgia.

65.    Plaintiff suffered damages as a result of Defendant Hamad's fraudulent conduct.

## COUNT VII: NEGLIGENCE

66.    Plaintiff hereby incorporates paragraphs 1-65 as if fully restated herein.

67.    Defendants owed Plaintiff a duty due to their relationship and buyer and seller.

68.    Defendants breached that duty by their acts and omissions.

69. Defendants' acts and omissions actually and proximately caused Plaintiff's damages.

70. Plaintiff suffered damages.

## COUNT VIII: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

71. Plaintiff hereby incorporates paragraphs 1-70 as if fully restated herein.

72. Defendants committed intentional or reckless conduct that is extreme and outrageous.

73. Defendants' conduct caused the Plaintiff's emotional distress.

74. Plaintiff suffered severe emotional distress.

## COUNT IX: LOSS OF USE

75.     Plaintiff hereby incorporates paragraphs 1-75 as if fully restated herein.

76.     Defendants have deprived Plaintiff of the use and enjoyment of the subject

vehicle.

77.     As a result, Plaintiff has suffered damages.

## COUNT X: DIMINISHED VALUE

78.     Plaintiff hereby incorporates paragraphs 1-78 as if fully restated herein.

79.     Defendants have caused significant damage to the subject vehicle.

80.     This has diminished the value of the subject vehicle and caused injury to

Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. Finding that all Defendants are jointly and severally liable for all damages
   caused to Plaintiff.

2. Awarding Plaintiff monetary damages in an amount not less than
   $1,000,00.00, said final amount to be proven at trial.

3. Awarding plaintiff appropriate punitive damages pursuant to OCGA § 51–
   12–5.1(b) because it will be proven at trial that Defendants' actions showed
   willful misconduct, malice, fraud, wantonness, oppression, (and/or) that

entire want of care would raise the presumption of conscious indifference to consequences.

4. Awarding Plaintiff attorney fees and cost.

5. Further, awarding Plaintiff punitive damages would deter such conduct by Defendants and others.

6. Granting such other relief as the case may require or as may be deemed proper and equitable.

7. Requiring Defendants to return the subject vehicle to Plaintiff.

8. Requiring Defendants to payment for Plaintiff's Loss of use.

9. Requiring Defendants to pay for the Diminished Value of the subject vehicle.

Respectful submitted,

**/S/ Benny Council**
Benny Council
419 S Salcedo St #2,
New Orleans, LA 70119
Ben@thecouncillawfirm.com
704-200-1129